**United States District Court**
For the Northern District of California

**\*E-FILED 12/27/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DOROTHY J. DeMATTEI,

          Plaintiff,

   v.

JOANNE B. BARNHART,

          Defendant.

_____/

NO. C 05 01890 RS

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

**I.  INTRODUCTION**

Dorothy J. DeMattei challenges the finding of the Commissioner of Social Security that certain assets held in trust for her are "countable resources" for purposes of determining her eligibility for Supplemental Security Income ("SSI").  As a result of that decision, DeMattei was determined to be ineligible for SSI on an ongoing basis, and has been charged with the obligation to repay approximately $14,000 in SSI she previously received.  DeMattei contends that the trust at issue was intended to be a "special needs trust," statutorily exempt from inclusion in her "countable resources."   The language of the trust document, however, expressly *requires* the trustee to dispose of the corpus of the trust upon DeMattei's death in a manner that does not comply with the statutory requirements for a special needs trust to be exempt.  Contrary to DeMattei's argument, it is not a matter of simply "construing" the trust document to carry out its intent; rather the trust would have to be *modified* before the trustee would have the authority to dispose of the corpus of the trust in conformance with the requirements of the statute.  As DeMattei has not shown that jurisdiction to

1

United States District Court

For the Northern District of California

1   modify the terms of the trust lies in this Court, summary judgment will be entered against her and

2   the Commissioner's decision will be affirmed.

3

4   II.  BACKGROUND

5       DeMattei is a competent, but disabled, adult. Because of her disability, she had received SSI

6   for many years.  In March of 2000, DeMattei's parents set up a trust, entitled the "Dorothy J.

7   DeMattei Special Needs Trust," using funds left to DeMattei by her grandmother.  The Social

8   Security Administration thereafter determined that the trust assets were resources available to

9   DeMattei (so-called "countable resources") that rendered her ineligible for SSI from and after the

10  time the trust was established.  An Administrative Law Judge upheld that determination in 2003, and

11  the Appeals Council denied DeMattei's request for review in 2005.  This proceeding followed.

12

13  III.  DISCUSSION

14      The legal question presented to the ALJ and now before this Court is whether the DeMattei

15  trust complies with section 1917 (d) (4) of the Social Security Act. (42 U.S.C. § 1396p (d) (4).)[1]

16  That section exempts from countable resources any trust "[1] containing the assets of an individual

17  under age 65 who is disabled  . . .  and [2] which is established for the benefit of such individual by a

18  parent, grandparent, legal guardian of the individual, or a court if [3] the State will receive all

19  amounts remaining in the trust upon the death of such individual up to an amount equal to the total

20  medical assistance paid on behalf of the individual . . . ."[2]

21      The trust document contains two provisions that potentially conflict with Section 1917 (d)

22

23      [1]  By its terms, section 1917 (d) (4) of the Social Security Act relates to determining
24  eligibility for medical assistance.  Under 42 U.S.C. 1382b (e) (5), however, the provisions of section
    1917 (d) (4) are incorporated by reference to apply to determining eligibility for SSI as well.

25      [2]  DeMattei contends the initial determination of  the Social Security Administration that the
26  trust assets are countable resources relied on additional requirements found in the "Program
    Operations Manual System," ("POMS") which, she contends, are "sub-regulations" improperly
27  promulgated by the Commissioner without any statutory authority.  The ALJ's decision, however,
    did not rely on any purported failure of the trust to comply with any provision of POMS.  The ALJ
28  considered only whether the trust met the requirements of the statutory language and this Court will
    do likewise.

2

(4).  First, paragraph 2 (h) of the trust authorizes the trustee, in its discretion, to pay "death expenses," including such things as funeral, burial, administration, and probate costs.  This paragraph appears sequentially in the trust document *prior* to paragraph 2 (i), which is the paragraph that directs the trustee to reimburse the State for medical assistance received by DeMattei.  Were the Trustee to elect to make such payments without first reimbursing the State in full there would be no compliance with section 1917 (d) (4).  As DeMattei points out, however, paragraph 2 (i) places a *mandatory* duty on the Trustee to reimburse the State, whereas the trustee's power to pay death expenses under paragraph (h) is discretionary.

The ALJ largely dismissed the significance of the distinction between mandatory duties and discretionary powers, stating that paragraph 2 (i) "contains no language stating that it is to take precedence over section 2 (h)."  It appears, however, that the ALJ primarily rested his decision on a different problem with the trust, discussed below, rather than on the existence and operation of paragraph 2 (h).  To the extent that the ALJ believed that the terms of paragraph 2 (h), or its appearance in sequence prior to paragraph 2 (i), rendered the trust non-exempt, he erred.  Paragraph 2 (i) *does* contain language that gives it precedence over paragraph 2 (h)–specifically, the latter paragraph creates a mandatory duty that governs over a discretionary power.[3]  Were the trustee to attempt to exercise "discretion" to pay death expenses without first fully complying with the obligation of paragraph 2 (i) to reimburse the State, the trustee would be contravening the express terms of the trust.  Accordingly, the existence of paragraph 2 (h) does not disqualify the trust.

---

[3]  At the hearing, the ALJ suggested that giving paragraph 2 (i) precedence would make paragraph 2 (h) "superfluous" and that no payment could ever be made thereunder, given that 2 (i) directs that any balance remaining after reimbursement of the State be paid to the beneficiaries of DeMattei's will.  DeMattei's attempt to characterize the ALJ's comments at the hearing as a binding "finding," is misplaced.  The ALJ's findings and conclusions are found in his written decision, not in his colloquy with counsel at the hearing.  Nevertheless, the suggestion that paragraph 2 (h) necessarily would be "superfluous" overlooks a distinction in the obligations set forth in paragraph 2 (i).  The trustee has a mandatory duty to reimburse the State "upon the death"of Mattei but need only pay "the balance of the trust" to her beneficiaries thereafter.  One reasonable reading of the trust as a whole is that "balance of the trust"refers to any balance remaining after both the mandatory reimbursement to the State and any discretionary payment of death expenses.  In contrast, no reasonable reading of the trust as a whole would permit the trustee to pay death expenses without first discharging its mandatory duty to reimburse the State.  Ultimately, however, even if paragraph 2 (i) were read to require the trustee to distribute the remaining balance to DeMattei's beneficiaries without payment of death expenses, that would in no way affect the obligation to reimburse the State or the analysis here.

United States District Court

For the Northern District of California

3

United States District Court

For the Northern District of California

1    Paragraph 2 (i), however, contains a provision that is not consistent with section 1917 (d) (4)

2    of the Social Security Act.  Although the trustee is directed to reimburse the State, the sum to be

3    reimbursed is expressly limited to "an amount equal to the total medical assistance received by

4    [DeMattei] *during the existence of this trust*."   Section 1917 (d) (4), in contrast, requires that the

5    State be reimbursed up to "an amount equal to the total medical assistance paid on behalf of the

6    individual."  Here, there is no dispute that DeMattei was receiving medical assistance long before

7    the trust was created.  Thus, in the event of her death, "the total medical assistance paid" on her

8    behalf may substantially exceed the amount paid "during the existence of th[e] trust."[4]

9    DeMattei relies on principles of California law that trust documents are construed under the

10   same rules as wills and that, "[t]he paramount rule in the construction of wills, to which all other

11   rules must yield, is that a will is to be construed according to the intention of the testator as

12   expressed therein, and this intention must be given effect as far as possible." *Estate of Wilson*, 184

13   Cal. 63, 66-67 (1920).  See also, Cal. Probate Code § 21102 (a) ("The intention of the transferor as

14   expressed in the instrument controls the legal effect of the dispositions made in the instrument.")

15   DeMattei points to expressions of intent in the trust document that strongly show the intent here

16   almost certainly was to create a trust that would shield the assets from inclusion as "countable

17   resources" and that would preserve DeMattei's right to receive any and all public benefits she could

18   possibly claim.[5]  Indeed, it appears it would have been highly irrational for the intent to have been

19   otherwise, as any benefit resulting from the limitations in the trust provisions seems to be far

20   outweighed by the detriment of losing SSI.

21   Nevertheless, the language of the trust on this point is clear.  The trustee lacks authority to

22

23   [4]  The trust language calling for reimbursement in an amount equal to assistance "received"
     by DeMattei arguably is narrower than the statutory language, "medical assistance paid on behalf of
24   the individual."  The intent of the trust, however, is sufficiently clear that the trust could be
     construed as complying with the statute on this point, were it not for the temporal limitation.

25   [5]  Among the indicia of intent are the following: the trust is entitled "special needs trust";
26   paragraph 2 (a) expressly states that the corpus shall not be used "to supplant or replace public
     assistance benefits" and shall not be considered "available" to DeMattei for determining Medi-Cal
27   eligibility; paragraph 2 (b) authorizes the trustee to seek benefits from "all available" public
     resources, and specifically mentions SSI, among other programs; paragraph 2 (i), although limited as
28   discussed above, requires the trustee to reimburse the State, "in order to exclude any portion of this
     trust from disqualification of [DeMattei] for . . . medical assistance."

reimburse the State for any amount in excess of the amount of assistance paid during the existence of the trust. Thus, while DeMattei has characterized the issue as one of properly "construing" or "interpreting" the trust, what she fundamentally is seeking is a *modification* or *reformation* of the trust.[6]   Under California law, a party may apply to a court to modify or reform a trust in certain circumstances:

> [T]he rule against courts modifying the terms of a contract . . . does not apply to declarations of trust, where the primary purpose of the trust would not be accomplished by a strict adherence to the terms of the declaration of trust and . . . *when it is made to appear in a court of equity . . . that the benefits and advantages which the trustors desired to confer upon the beneficiaries would not accrue to them by 'a slavish adherence to the terms of the trust', the court may modify the terms of the trust to accomplish the real intent and purpose of the trustors . . . .*"

*Adams v. Cook*, 15 Cal.2d 352, 361 (1940) (as quoted in *Ike v. Dolittle*, 61 Cal.App.4th 5, 79-80 (1998).)   In addition to these common law equitable powers, California courts have statutory authorization to modify trusts in appropriate circumstances.

> On petition by a trustee or beneficiary, the court may modify the administrative or dispositive provisions of the trust or terminate the trust if, owing to circumstances not known to the settlor and not anticipated by the settlor, the continuation of the trust under its terms would defeat or substantially impair the accomplishment of the purposes of the trust. In this case, *if necessary to carry out the purposes of the trust, the court may order the trustee to do acts that are not authorized or are forbidden by the trust instrument.*

Cal. Probate Code § 15409 (a) (emphasis added); see also Cal. Civ. Code § 3399 (authorizing courts to revise contracts to express true intent of parties in cases of fraud or mistake).

This Court cannot and does not decide whether or not DeMattei could make the requisite showing for modification or reformation of the trust.  The Court's jurisdiction in this action arises

---

[6]  DeMattei argues that paragraph 2 (i) includes a "savings clause" that directs the trustee to make reimbursement in an amount sufficient to prevent DeMattei from being disqualified from receiving medical assistance during her lifetime.  The Commissioner argues that the clause is inapplicable because it refers only to "medical assistance" and not SSI.  Even assuming the clause could be construed as referring to SSI as well as "medical assistance," the language of the provision is insufficient to override the express limitation that reimbursement is authorized only for benefits paid during the existence of the trust.  Rather than being a "savings clause" that would give the trustee the ability to reimburse the State for benefits paid prior to the existence of the trust, the provision *limits* the amount of any reimbursement to the amount necessary to preserve DeMattei's eligibility for benefits.  DeMattei may have an argument that this clause *also* should be modified or reformed to express the true intent of the trust, but as presently written it does not result in a trust that complies with section 1917 (d) (4) of the Social Security Act.

5

from 42 U.S.C. § 405 (g), providing for judicial review of "any final decision of the Commissioner of Social Security" upon the timely filing of an action by a party.   There is no suggestion that Commissioner had jurisdiction to modify or reform the trust under California statutes or common law equitable principles.  The issue in this proceeding, therefore, is only whether the Commissioner correctly determined that the trust, as it presently exists, comports with the requirements of  section 1917 (d) (4) of the Social Security Act.   Because the trust document does not permit the trustee to reimburse the State to the extent required by section 1917 (d) (4), the Commissioner's decision was correct.

Finally, DeMattei contends that the Commissioner should have deferred to the state Medicaid agency, which apparently determined that the trust assets are *not* "countable resources" for purposes of determining her continued eligibility for medical assistance.  It is true that the statute governing what are "countable resources" for purposes of determining SSI eligibility simply incorporates by reference the provisions relating to special needs trusts found in Medicaid law.  See 42 U.S.C. 1382b (e) (5).  It may also be true that because the issue is whether the State is properly reimbursed for medical assistance it provides, the State would appear to have a more important interest in how this trust was structured than does the Commissioner.  Regardless of how intertwined Medicaid and Social Security may be, however, it is the Commissioner that is charged with determining eligibility for SSI, not any state agency.  The statutes may be designed such that a trust can be drafted that will preserve eligibility for *both* medical assistance *and* SSI, but DeMattei has pointed to no statute or principle that would require the Commissioner to abdicate her responsibility to determine who is eligible for SSI.[7]

---

[7]  If Congress had intended the Commissioner to defer to the determinations made by state agencies, 42 U.S.C. 1382b (e) (5) could easily have been drafted to refer instead to "any trust found by a State to be an excludable resource under subparagraph (A) or (C) of section 1396p(d)(4) of this title," or other language to that effect.

United States District Court
For the Northern District of California

1

2                                    IV.  CONCLUSION

3          DeMattei's motion for summary judgment is denied.  The Commissioner's cross-motion for

4  summary judgment is granted.  The decision of the Commissioner below is affirmed.

5

6  IT IS SO ORDERED.

7

8  Dated: December 27, 2006

   _____
9                                              RICHARD SEEBORG
                                               United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   ORDER
   C 05 01890 RS

**United States District Court**
For the Northern District of California

7

**United States District Court**
For the Northern District of California

1

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2

Thomas E. Beltran     tbeltran@earthlink.net

3

Shea Lita Bond     shea.bond@ssa.gov

4

Sara Winslow     sara.winslow@usdoj.gov, kathy.terry@usdoj.gov; claire.muller@usdoj.gov

5

6

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

7

8

**Dated: 12/27/06**                                                    **Chambers of Judge Richard Seeborg**

9

10

**By:** _____ **/s/ BAK** _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
C 05 01890 RS

8